PER CURIAM:
Claimant brought this action for damage to her 1995 Chevrolet S10 pickup truck which occurred while she was traveling eastbound on Route 61 in East Bank, Kanawha County, and the vehicle slid on a patch of ice causing it to strike the mountainside. Respondent was responsible at all times .herein for the maintenance of Route 61 in Kanawha County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on March 22,2002, at 7:30 a.m. Claimant was traveling on Route 61 through East Bank on her way to Chelyan at approximately thirty-five miles per hour. Route 61 is a blacktop, two-lane highway with a double yellow center line and white lines on the edges. Each lane is approximately ten feet in width. At this location, there is a mountain on the left side of the road and railroad tracks on the right. Claimant testified that she is familiar with this route as she travels this portion of Route 61 almost on a daily basis. She had last traveled in this same location on the day prior to the incident herein. She stated that she observed water on the road at this location prior to this incident but she had never had any problems with ice on the road. As claimant was driving around a curve, she saw what appeared to be water on the road and slowed downher vehicle. However, once she reached a specific area of the highway, she saw that it was ice. She stated that she had almost passed through the ice patch safely when suddenly she lost control of her vehicle and it slammed front first into the mountainside. The force of the impact caused the truck to turn around at which time the back end struck the mountainside and bounced off. The impact did substantial damage to her track which had to be towed from the scene. Claimant testified that water flows freely from the hillside and across the road. She stated that there is no ditch-line, barrier, or drainage system present to prevent the water from crossing the road. Claimant submitted a repair estimate into evidence at the hearing of this matter in the amount of $1,830.36. However, she had insurance coverage to cover this loss at the time of the incident with a deductible of $500.00.
Claimant asserts that respondent was negligent in not having an adequate drainage system to prevent the water from flowing onto the road and that respondent failed to treat this portion of Route 61 to prevent the build up of ice in an adequate manner.
Respondent contends that it was on SRIC (snow removal and ice control) at the time of this incident and that it had inspected the area of the incident and saw no ice build up. Thus, respondent contends it had no notice of this particular hazard.
Frank McGuire, a foreman for respondent in Kanawha County, is responsible for maintaining this portion of Route 61. He testified that he is also a dispatcher for respondent. His duties as a dispatcher include receiving telephone calls, radio messages, and keeping track of the trucks on duty. He is familiar with the Route 61 at the location of this incident and was on duty at the time it occurred. He testified that he is aware of claimant’s incident. According to Mr. McGuire, respondent was on SRIC at tire time of the incident. He stated that while on SRIC, respondent’s employees patrol the roads with *9 tracks containing various abrasives to be applied to any portion of the highway which the driver believes is slick, icy, or otherwise needs to be treated. Further, Mr. McGuire testified that he is required to keep a SRIC Log which documents all track drivers on duty, the routes each driver patrols, the time of such patrol, and the condition of each route as determined by the driver. Respondent introduced the log maintained by Mr. McGuire on March 22, 2002, which indicates that one of respondent’s drivers traveled through the location where claimant encountered ice on the road between approximately 5:30 a.m. and 6:00 a.m. The log also indicates that respondent’s driver reported that portion of the road as clear. Further, Mr. McGuire testified that he had not received any prior complaints about this portion of the road being slick or icy nor had he received complaints about water flowing onto the road.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept, of Highways, 16 Ct. Cl. 8 (1985). Respondent cannot be expected or required to keep highways absolutely free of ice and snow at all times, and the presence of an isolated patch on a highway during the winter months is normally insufficient to charge the respondent with negligence. Christo v. Dotson 151 W.Va. 696,155 S.E.2d571 (1967); McDonald v. Dept. of Highways, 13 Ct. Cl. 13 (1979). However, respondent owes a duty to travelers to exercise reasonable care and diligence in the maintenance of highways. Lewis v. Dept. of Highways, 16 Ct. Cl. 136 (1986).
In tlie instant claim, the Comt is of the opinion that claimant failed to establish by a preponderance of the evidence that respondent was negligent in the maintenance of Route 61 at the time of her accident. The evidence establishes that respondent was operating under SRIC at the time of tins incident; that a driver for respondent had just patrolled the location where the incident occurred approximately an hour and a half prior to the incident; and that the driver did not see any ice or water on the road. Therefore, the ice that claimant encountered formed quickly giving respondent very little time to recheck the same area. Further, respondent had not received any complaints prior to this incident regarding an on-going ice or water problem on the road at this location. Thus, the Court is of the opinion that respondent acted diligently in treating the roads on the date of this incident. While sympathetic to claimant’s loss, the Court is constrained by the evidence to deny a recovery in the claim.
In view of the foregoing, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.